# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

m 99-10652

———————

### JAMES DAVIS RICHARDSON,

Petitioner-Appellant,

### VERSUS

### Gary L. JOHNSON,
### Director, Texas Department of Criminal Justice,
### Institutional Division,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-2528)

———————————

November 22, 1999

Before SMITH, WIENER, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

James Richardson requests a certificate of appealability ("COA") as required under 28 U.S.C. § 2253, as recently amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132,[2] so he can appeal the denial of his petition for writ of habeas corpus. The COA requirement is jurisdictional. *Trevino v. Johnson*, 168 F.3d 173, 177 (5th Cir.), *cert. denied*, 120 S. Ct. 203 (1999). Under AEDPA, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Even if the requisite showing is made, courts may exercise their discretion whether to issue a COA. *Id.*

Richardson claims he was denied the effective assistance of counsel during his state trial, in violation of his constitutional rights under the Sixth and Fourteenth Amendments. *See Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance claims raise mixed questions of law and fact. *Lamb v. Johnson*, 179 F.3d 352, 356 (5th Cir. 1999), *cert. denied*, 1999 U.S. LEXIS 7673 (U.S. Nov. 15, 1999) (No. 99-6272).

Under 28 U.S.C. § 2254(d)(1), the applicable standard of habeas review governing state court determinations of mixed questions of law and fact is for reasonableness. *See Drinkard v. Johnson*, 97 F.3d 751, 767-68

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] The AEDPA applies because Richardson filed his motion for a writ of habeas corpus on February 17, 1998, after the Act's April 24, 1996, effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997).

(5th Cir. 1996), *overruled on other grounds, Lindh v. Murphy*, 521 U.S. 320 (1997). Indeed, habeas relief is granted only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Id.* at 769. Concluding that Richardson has failed to show any denial of a constitutional right, let alone any chance that this court might reverse the denial of habeas writ in light of the broad deference given to state court determinations of ineffective assistance of counsel, we deny the application for a COA.

## I.

Richardson was convicted in state court of murder and sentenced to die. The Texas Court of Criminal Appeals reversed and ordered a new trial because the court reporter had misplaced a portion of the transcript. On remand, Richardson again was convicted of capital murder and sentenced to death. His current challenge consists of alleging defects in the performance of retrial counsel, raised first in but rejected by the state courts on appeal.[3]

To establish unconstitutionally ineffective assistance of counsel, Richardson must do two things. First, he must show that "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Washington*, 466 U.S. at 687. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

Second, Richardson must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Although Richardson need not show that counsel's errors were dispositiveSSthat without the errors, he would have been acquittedSShe must demonstrate "that there is a *reasonable probability* that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (emphasis added).

Richardson articulates three theories to establish that his trial counsel was unconstitutionally ineffective and that the errors were not harmless. Each theory fails one or both of the two prongs required by *Washington*.[4]

---

[3] *See Richardson v. State*, No. 70,743 (Tex. Crim. App. Dec. 1, 1993) (direct appeal); *Ex parte Richardson*, No. 18,337-02 (Tex. Crim. App. September 24, 1997) (state habeas appeal).

[4] Richardson additionally claims that the district court looked to *sufficiency of the evidence absent counsel error*, rather than requiring merely a *reasonable probability that the proceeding would have been different absent error*, to determine whether he was unconstitutionally harmed by ineffective counsel. Whether the district court did so, we nonetheless conclude that Richardson failed to satisfy the correct rule for unconstitutional harm under *Washington*.

### A.

Richardson asserts that counsel failed to object with sufficient frequency when, during closing argument at the penalty phase, the prosecutor improperly commented on his failure to talk to police or to take the stand during the guilt phase. Two levels of analysis are involvedSSthe constitutionality of the prosecutor's conduct, and counsel's failure to object to that conduct.

The rule governing prosecutorial statements is as follows:

> In the case of asserted prosecutorial misconduct implicating some other incorporated constitutional right such as the right to remain silent, the court asks whether or not the prosecutor's statement was [1] *manifestly intended* or [2] was of such character that a *jury would naturally and necessarily take it* to be a comment on the failure of the accused to testify.

*Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988) (quotations omitted, emphasis added). The determination depends heavily on the context in which the remark was made. *Montoya v. Collins*, 955 F.2d 279, 286 (5th Cir. 1992). If constitutional error is found, to win reversal on appeal a defendant must show that the error was not harmless. *Rogers*, 848 F.2d at 609.

Richardson did not testify until the penalty phase, at which time he claimed innocence. His counsel subsequently relied on this testimony in arguing against the imposition of death, stating that Richardson "told you his entire story. And that's the story he's told me since the start of this case."

The prosecutor rebutted by stating that Richardson had failed to testify during the guilt phase:

> If he's not guilty, don't you start screaming at the start of this trial, "I didn't do it. Let me take the stand on the first stage of this trial before they ever have a chance to say I'm guilty. I

want to get up there and tell you people it wasn't me."

He continued:

> Do you believe that [defense counsel] would have let him sit there through this whole trial on guilt and not take the stand if he knew this guy was wanting to testify and he didn't do it?

Defense counsel's objection was sustained, but no instruction to the jury was given.

The prosecution then continued:

> Well, that still leaves you with your common sense, why did he wait. For the first time, today, November the 1st, 1988 to say, "I didn't do it. I was shot in the hand as the car was driving off."

Defense counsel objected again but was overruled. The prosecutor concluded, without objection:

> If that's the case, aren't you going to be the first one that runs to the police when that thing's over and say, "No, guys, let me tell you, it wasn't me. It wasn't me. I want to sign 14 statements. It's not me. Let me testify. Let me tell you about it."

Counsel objected twice and was sustained once. Richardson claims that his attorney failed to object with sufficient frequency and, in so failing, was constitutionally ineffective. That is hardly the case.[5] Defense counsel was obviously aware of Richardson's right not to speak to the police or to testify, for counsel objected twice. Richardson simply wishes now that defense counsel had objected four times.

Yet counsel's decision not to object more

---

[5] The state court avoided the question altogether by denying Richardson's claim on grounds of harmless error. *See Ex parte Richardson*, No. 18,337-02.

vociferously than he did may simply have been a prudent exercise of self-restraint. More interruption might have drawn excessive attention to the prosecutor's statements, causing the jury to give them greater weight than they would otherwise merit. An overruled objection might have diluted the persuasive value of a prior favorable evidentiary ruling. And objection might have simply annoyed the jury by slowing the process.

At worst, objecting twice rather than four times was a bad judgment call but hardly amounted to "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See Washington*, 466 U.S. at 687. Richardson's first theory thus falls well short of the mark for establishing unreasonably ineffective assistance.

Moreover, the state court determined that any constitutional error by the prosecutor (and any resulting ineffectiveness by counsel in failing to object) were harmless. Richardson is utterly unable to show that no reasonable jurist could have so found. *See Drinkard*, 97 F.3d at 769.

The prosecutor's comments were made at the *penalty* phase of the trial. There is no showing that, had counsel objected more frequently to prosecution comments on Richardson's silence during the *guilt* phase of trial, there was a "reasonable probability" that the *sentencing* decision would have been any different. *See Washington*, 466 U.S. at 694.

Having already determined Richardson's guilt, the jury should have been focused on factors relevant to sentencing, rather than on revisiting the question of guilt. That counsel failed successfully to distract the jury is no basis for a finding of constitutional harm caused by ineffective counsel.

### B.
Counsel failed to object when, during the penalty phase, the prosecutor introduced evidence of offenses committed by Richardson, including those committed while on death row following his first trial and conviction. The introduction, during the sentencing phase, of evidence of a prior death sentence is not constitutional error, so long as the evidence does not affirmatively mislead the jury and diminish its sense of sentencing responsibility. *Romano v. Oklahoma*, 512 U.S. 1, 10 (1993). Richardson claims, however, that because the fact of his prior death row stay was unduly prejudicial, counsel's failure to object and demand redaction of the words "death row" from the report of the prior offenses constituted ineffective counsel.

Under Texas law, evidence of prior bad acts is generally admissible at the penalty phase of a capital trial. *See Hogue v. Johnson*, 131 F.3d 466, 478 n. 16 (5th Cir. 1997). Even assuming that the trial court would have, on objection, redacted the words "death row," and that failure to object rose to unreasonably ineffective assistance, Richardson fails to show a "reasonable probability" that such redaction would have affected the sentencing decision. *See Washington*, 466 U.S. at 687, 694.

### C.
Counsel did not present expert testimony concluding that, given the trajectory of the bullets, Richardson could not have been holding the gun. Richardson asserts that such testimony would have contradicted self-serving witness accomplice testimony identifying him as the shooter.

Counsel did, however, put the identity of the shooter at issue during cross-examination of numerous prosecution eyewitnesses, including a deputy sheriff, a firearms expert, two police officers, the doctor who performed the autopsy, and the witness accomplice. Moreover, the district court found credibility problems with the expert testimony Richardson attempts to present here as critical to constitutionally adequate representation.

Given counsel's aggressive efforts to prove that Richardson was in fact not the shooter, Richardson hardly suffered from legal representation so deficient "that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." *Id.* at 687. His attorney could have made a rational calculation that presenting expert testimony that some jurors might also find incredible would do more harm than good by undermining the legitimacy of Richardson's entire theory of the case. Again, at worst this was bad judgment, imperfect lawyeringSSnot constitutional inadequate representation.

## II.

As amended, 28 U.S.C. § 2254(d) reads:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claimSS

(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States*; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Drinkard*, this court construed § 2254(d)(1) to require *de novo* review for questions of law and reasonableness review for mixed questions of law and fact (i.e., questions that require the application of law to facts), and § 2254(d)(2) to mandate reasonableness review for questions of fact. *See Drinkard*, 97 F.3d at 767-68.[6] This approach is based on a plain-text reading of § 2254(d)(1), construing the requirement of an "unreasonable application

of[,] clearly established Federal law" to mandate reasonableness review over state court applications of law to fact. *Id.* Under § 2254(d)(1), a habeas writ will not lie unless "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Drinkard*, 97 F.3d at 769. In other words, merely to be eligible for a COA, an applicant must show that his constitutional claim is at least debatable. Richardson has made no such showing.

The application for a COA is DENIED.

---

[6] *See also Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997); *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998)*, cert. denied*, 119 S. Ct. 811 (1999).